

RECEIVED MHW

APR - 7 2008 *new*
APR - 7 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Rodney Patton

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

08cv1975
JUDGE SHADUR
MAG.JUDGE NOLAN

vs.

Wilvis Harris

Ami Workman

Darryl Johnson

Correctional officer Kajtsa

Director Roger E. Walker Jr.

_____

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

Case No._____
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**

X  **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
**U.S. Code** (state, county, or municipal defendants)

_____  **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
**28 SECTION 1331 U.S. Code** (federal defendants)

_____  **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**I.    Plaintiff(s):**

A.    Name: Rodney Patton

B.    List all aliases: _____

C.    Prisoner identification number: N-90674

D.    Place of present confinement: STATEVILLE C.C.

E.    Address: P.O. Box 112, Joliet, Il 60434-0112

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.    Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank.  Space for two additional defendants is provided in **B** and **C**.)

A.    Defendant: WILVIS HARVIS

       Title: Correctional Officer

       Place of Employment: STATEVILLE C.C. Route 53, P.O. Box 112, Joliet, Il 60434
       1301 Concordia Court, Springfield, Il 62794

B.    Defendant: Ami Workman

       Title: Grievance officer

       Place of Employment: STATEVILLE C.C. Route 53, P.O. Box 112, Joliet, Il 60434
       1301 Concordia Court, Springfield, Il 62794

C.    Defendant: Darryl Johnson

       Title: Lieutenant "Internal Affairs"

       Place of Employment: STATEVILLE C.C. Route 53, P.O. Box 112, Joliet, Il 60434
       1301 Concordia Court, Springfield, Il 62794

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2                                                    Revised 9/2007

Defendants Continue

D.

Defendant: Correctional Officer Kajtsa
Title : Head of Internal Affairs
P.O.E : 1301 Concordia Court, springfield , Il 62794-9277


E.

Defendant: Roger E. Walker Jr.
Title : Director of The Illinois Department of Corrections
P.O.E.: 1301 Concordia Court, springfield, Il 62794-9277

III.   **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.   Name of case and docket number: Rodney Patton V. City of Chicago
04 C 3933

B.   Approximate date of filing lawsuit: UNKnown

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases:
Rodney Patton

D.   List all defendants: City of Chicago

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): Northern District of Illinois

F.   Name of judge to whom case was assigned: Honorable Mr. Gettleman

G.   Basic claim made: Constitutional rights

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): pending

I.   Approximate date of disposition: None

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

* Note:
The Plaintiff does not know all cases brought before the Court.

3

Revised 9/2007

Defendant WILVIS HARRIS, IS A CORRECTIONAL officer of the Illinois Department of correction who, At all times mentioned in this complaint, held the rank of Correctional officer, And was Assigned to Stateville C.C.

Defendant AMI Workman, IS A correctional officer of the Illinois Department of Corrections who, At all time mentioned In this complaint, held the rank of grievance officer, And WAS Assigned to STATEville C.C.

Defendant Darryl Johnson, IS A correctional officer of the Illinois Department of Corrections who, At All time mentioned In this complaint, held the rank of Lieutenant, And was Assigned to STATEville C.C.

Defendant KAjtsA, IS A correctional officer of the Illinois Department of Corrections who, At all time mentioned in this complaint, Held the rank of correctional officer, And WAS ASSigned to STATEville C.C. As the Head of Internal Affairs.

✱ Each Defendant IS sued individually And in his, or her official capacity. At All times mentioned in this complaint each defendant Acted under the color of state LAW.

**IV.    Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)



This is a complaint brought under 42 U.S.C. § 1983 In connection with the violation of the Plaintiff Rodney Patton Constitutional rights, A prisoner At Stateville Correctional Center, by defendants Wilvis Harris, Ami Workman, Darryl Johnson, and C/o Kajtsa, prison Correctional officers. The due process rights of the Plaintiff was violated by the defendants, In violation of my constitutional rights under the due Process Clause of the Fourteenth Amendment, And the right to Free Speech under the First Amendment.

On Oct. 4, 2007, the Plaintiff Rodney Patton (Hereinafter Plaintiff) was ordered by correctional officer Wilvis Harris (Hereinafter Defendant Harris) to provide An urine sample for the purpose of a drug test.

The Plaintiff first urine sample wasn't enough, And Defendant Harris poured this sample In the toilet. The Plaintiff put the initials (RP) on the test cup, And then, And there requested Another test cup.

4

Defendant Harris, placed the Plaintiff in the Shower, and gave the Plaintiff water, so as to aide the Plaintiff in providing a full sample (urine). Defendant Harris also stated that "I have to go over to Internal Affairs by the chow hall to get another test cup".

When Defendant Harris returned, the Plaintiff told the Defendant he was ready to take the test again, Defendant Harris gave the Plaintiff the test cup, and the Plaintiff provided a full urine sample, and when Defendant Harris went to put the top back on the test cup the Plaintiff notice the initial (RP) on the test cup.

The Plaintiff ask Defendant Harris what happen to the new test cup I requested, Defendant Harris stated "I was told by LT. D. Johnson of Internal Affairs not to give you another test cup" Defendant Harris then told the Plaintiff the results of the test showed positive for Amphetamines.

Defendant Harris placed the Plaintiff in Segregation, and wrote the Plaintiff an Disciplinary report (Note Attached Exhibit A), the Plaintiff then explain to the Adjustment Committe the same as outline in this complaint, but was found guilty (Note

5

Revised 9/2007

Attached Exhibit B). Oct. 9, 2007

On Oct. 5, 2007 Defendant Lieutetant Darryl Johnson (Hereinafter Defendant Johnson) of Internal Affairs had the Plaintiff removed from cell F-115, and brought to gate 5. The Plaintiff was placed in a holding cell where I stayed the entire day.

Defendant Johnson came to the holding cell, and stated to the plaintiff "I was busy, and that I'm sorry for not speaking with you, and that I am the reason you were brought to gate 5, I am awhere of the letter that you wrote your stoke" The Plaintiff then ask if I could be given another urine test, and that if you send the cup to the lab for results, Defendant Johnson Stated "I will need to write everything down, and I will call you back up Monday".

The Plaintiff never spoke with Defendant Johnson that Monday, and the next time the Plaintiff would speak with Defendant Johnson would be when the Plaintiff would be going to court.

The Plaintiff filed an grievance concerning the Issues outline in this complaint, but was denied due process of Law by the grievance officer. (Note Attached Exhibit C). The grievance was Assigned to Defendant

AmI Workman (Hereinafter Defendant Workman) Defendant Workman STATED that she spoke with Defendant Harris, Defendant Harris stated he told Defendant Workman that the Plaintiff grievance was accurate as to the incident on Oct. 4, 2007. Defendant Workman spoke with Internal Affairs, and the findings she gave was that proper protocol was followed. (Note Attached Exhibit D)

ON JAN. 11, 2008 the Plaintiff was in the Health care unit, The Plaintiff ask Defendant Kajtsa If I could file a complaint against Defendant Johnson, Defendant Harris, And Defendant Workman concerning the issues outline in this complaint. Defendant Kajtsa stated that if what the Plaintiff has outline in this Complaint, he would call was true, he would call Jackie Miller In springfield And ask for my release from Segregation. Defendant Kajtsa stated he would Investigate the matter. The Plaintiff ask him to contact Defendant Harris.

ON Feb. 12, 2008 the Plaintiff file a grievance on Defendant Kajtsa concerning the Jan 11, 2008 complaint the Plaintiff file with him (Note Attached Exhibit E)

ON March 6, 2008 Defendant Harris sign A statement written by the plaintiff concerning

the way I was tested on Oct. 4, 2007 (Note Exhibit F attached)

The Plaintiff wrote a letter in Sept/07 to my sister, in that letter the Plaintiff ask his sister to keep her car clean of marijuana, because Stateville c.c. would subject a visitor person/car to a search. The Plaintiff reason for writing this letter was only to inform my sister of the posted rule/polices on the Stateville grounds, and in the visiting center, so as to not subject the Plaintiff's daughter to an incident caused by the Plaintiff sister that would involve the Plaintiff to lose his visits with my daughter/family.

The Plaintiff had a constitutional right under the first amendment to inform my sister of what IDOC rules/polices are, and at no time did the Plaintiff place in jeopardy the health or safty of any inmate or employee at Stateville Correctional Center at risk. The Plaintiff only stated the posted rule/policy.

Defendant Johnson read the letter, and as a form of retaliation Defendant Johnson had the Plaintiff tested for drugs for making a statement about a rule/policy that's posted about the actions of the prison or its employee's. Defendant Johnson actions

WERE preformed in retaliation because I exercised A Constitutional right, which is guarantee under the First Amendment.

ON MARCH 13, 2008, the Plaintiff received the results of the Administrative Review Board (FINAL Exhaustion) which was Dated JAN 11, 2008, the same date the Plaintiff spoke with Defendant KAjtsa concerning an investigation into the issues outline in this complaint. (Note Attached Exhibit G)

Defendant Harris failure to Administer the drug test correctly resulted in A false-positive result As outline in Exhibit B, And As A result of Defendant Harris failure to write the Disciplinary report to include exhibit F the Plaintiff constitutional rights to due process were violated. (Note the outcome would have been different)

Defendant Workman failure to properly investigate the issues outline in this complaint, and in exhibit C were A result of Defendant Johnson, And Defendant Kajtsa Asking the Defendant to overlook the Plaintiff grievance. It is the custom and policy of the Defendants to assist each other when ask to do so, but Allowing or encouraging such Action were in violation of the Plaintiff constitutional rights to due process.

Defendant Johnson actions to retaliate against the Plaintiff for writing a letter explaing IDOC policy, was in violation of the Plaintiff's constitutional right to Free speech under the first amendment. Defendant Johnson continue to violate the Plaintiff's constitutional rights by ordering Defendant Harris to falsify a Disciplinary report which again was in violation of the Plaintiff's constitutional right to due process.

Defendant Kajtsa failure to investigate the issues outline in this complaint was in retaliation because the Plaintiff exercised a constitutional right to challenge all illegal act taken against me. Defendant Kajtsa knew that Defendant Johnson violated the Plaintiff's constitutional rights but failed to fix the situation. Defendant Kajtsa action were in retaliation of the Plaintiff filing a complaint against the Defendants which was in violation of the Plaintiff's first and fourteenth Amendment.

The Plaintiff has stated a claim on which relief can be granted, and respectfully ask the court to Appoint Counsel (note Motion) to represent the Plaintiff.

**V.    Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.

The Plaintiff seeks $60.00 in lose STATE pay

The Plaintiff seeks $125.00 A day for each day spent in segregation

The Plaintiff seeks Damages in the Amount of $175,000.00

A Jury trial on All issues trimble by jury

The Plaintiff's cost in this suit, And Any Additional relief

this court deems just proper, and equitable.

**VI.**    The plaintiff demands that the case be tried by a jury.   ☒ YES    ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief.  I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _2nd_ day of _April_, 20 _08_

_____

_Rodney Patton_
(Signature of plaintiff or plaintiffs)

_Rodney Patton_
(Print name)

_N-90674_
(I.D. Number)
    Stateville correctional center

    P.O. Box 112

    Joliet, Illinois 60434-0112
(Address)

Revised 9/2007

State of Illinois - - Department of Corrections
**DISCIPLINARY REPORT**

Page ___1___ of ___1___

☑ Disciplinary Report ____10-4-07____     ☐ Investigative Report _____
                              Date                                                          Date

Committed Person: __PATTEN__     No. __N40674__     Facility: __STATEVILLE C.C.__

Observation Date: __10-4-07__   Time: __12:50 p__   ☐AM ☑PM Location: __F-HSE__

__Wilvis   Harris__                          __W. Otwun   10-4-07   1:50 p__
     PRINT Employee's Name                          Employee's Signature/Date/Time

Offense: 504  ☒A  __203   Drugs   and   Drug   ParaPhenalia__
               ☐B
               ☐C

Observation: __On   the   above   date   and   approximate   time,   This   R/o__
__Ordered   inmate   Patten   N40674   To   Provide   a   Urine   Sample__
__For   the   Purpose   of   a   Drug   Test.   The   Urine   Sample   inmate__
__Patten   N40674   Supplied   was   tested   directly   in   a   Quick   Screen 5__
__Test   Cup,   which   displayed   a   Positive   detection   of   AmPhetamines__

__- End   Report -__

Witnesses, if any: _____

NOTE: Use continuation page if necessary to describe observation and/or list witnesses.

☐ Temporary Confinement     ☐ Investigative Status     Reasons: _____

__E. J. Frank__                          __(N) N. Teal   10/09/07__
        PRINT Name                          Shift Supervisor's Signature and Date
                                            (For Community Correctional Centers, Chief Adm. Off.)

☒ Confinement Reviewed by Reviewing Officer     Comment: _____
__Major P. Henley__                          _____   __10-5-07__
        PRINT Name                          Signature/Date

☒ MAJOR, submitted to Adjustment Committee   ☐ MINOR, submitted to Program Unit
__Major P. Henley__                          _____   __10-5-07__
        PRINT Name                          Reviewing Officer's Signature and Date

☒ Reviewed by Hearing Investigator: __A. J. Meier__        _____   __10-5-07__
(Adult Division Major Reports Only)        PRINT Name        Signature and Date

### PROCEDURES APPLICABLE TO ALL HEARINGS ON INVESTIGATIVE AND DISCIPLINARY REPORTS

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

### PROCEDURES APPLICABLE TO HEARINGS CONDUCTED BY THE ADJUSTMENT COMMITTEE ON DISCIPLINARY REPORTS

You may ask that witnesses be interviewed and, if necessary, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing. If you are found guilty of a serious rule violation, you may be placed in confinement and/or lose privileges, and/or be required to make restitution. In addition, juveniles may receive a delay in recommended parole.

                                            Committed Person Refused to Sign ☒
_____
Committed Person's Signature and Number

__B. Westerhausen #2838__   __B. [signature]__        __10-8-07   8:10 AM__   ☐am ☑pm
   PRINT Serving Employee's Name        Serving Employee's Signature        Date and Time Served

I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.        __Exhibit   A__

Offense Date:

# STATE OF ILLINOIS DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

| | | |
|---|---|---|
| **Name:** PATTON, RODNEY | **IDOC Number:** N90674 | **Race:** BLK |
| **Hearing Date/Time:** 10/9/2007  09:40 AM | **Living Unit:** STA-F-01-15 | **Orientation Status:** N/A |
| **Incident Number:** 200701847/1 - STA | **Status:** Final | |

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 10/4/2007 | 200701847/1-STA | HARRIS J, NATHAN A | F HOUSE | 12:50 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 203 | Drugs & Drug Paraphernalia | Guilty |
| | Comments:*TESTED POSITIVE FOR AMPHETAMINES* | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|
| **No Witness Requested** | | | |

RECEIVED NOV 2007 Stateville Record Office Vault

## RECORD OF PROCEEDINGS
Inmate was present when ticket was read. Inmate stated he was given drug test, but claims test was administered in correctly. Inmate stated he initially gave inadequate sample (urine). Inmate stated officer threw out sample. Inmate stated he was later given same cup again, not a new cup. Inmate stated he contends that first sample began the drug test activating cup, causing false reading. Inmate stated he is prescribed back pain medication. Inmate stated he denies ever using amphetamines.

## BASIS FOR DECISION
OTS shows inmate assigned to F-house on reported day. Inmate was ID by state issued ID card. Staff was giving Inmate Patton N-90674 a drug test. Staff observed inmate Patton receive on 8 ounce cup of water at 12:30pm. Staff observed inmate Patton provided a sample of urine for the drug test. Staff used a Quick screen 5 test cup, which displayed a positive test for amphetamines. All IDOC protocol was followed during the drug test. Attached is a copy of DOC0300 show a positive test. Restitution is request for the test cup, at a cost of $7.88. Committee stands by report as written.

## DISCIPLINARY ACTION  (Consecutive to any priors)

| RECOMMENDED | FINAL |
|---|---|
| 6 Months C Grade | 6 Months C Grade |
| 6 Months Segregation | 6 Months Segregation |
| Revoke GCC or SGT 6 Months | Revoke GCC or SGT 6 Months |
| Restitution of $ 7.88 Paid to IDOC | Restitution of $ 7.88 Paid to IDOC |
| 6 Months Contact Visits Restriction | 6 Months Contact Visits Restriction |
| 6 Months Commissary Restriction | 6 Months Commissary Restriction |
| **Basis for Discipline:**positive drug test | |

## Signatures
### Hearing Committee

| | Signature | Date | Race |
|---|---|---|---|
| EDWARDS, DARRYL M  - Chair Person | | 10/09/07 | BLK |
| CLEVENGER, TIMOTHY W | | 10/09/07 | WHI |
| Recommended Action Approved | | | |

## Final Comments: N/A

*Exhibit B*

# STATE OF ILLINOIS DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** PATTON, RODNEY          **IDOC Number:** N90674          **Race:** BLK

**Hearing Date/Time:** 10/9/2007  09:40 AM     **Living Unit:** STA-F-01-15     **Orientation Status:** N/A

**Incident Number:** 200701847/1 - STA     **Status:** Final

---

TERRY L MCCANN / TLM 10/12/2007

**Chief Administrative Officer**

*(signature)* 10/12/07

**Signature**          **Date**

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

*(signature)*          10-12-07  10:31 am Sta. mail

**Employee Serving Copy to Committed Person**          **When Served - - Date and Time**

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE

| Date: 10-11-07 | Offender: (Please Print) PAtton, Rodney | ID#: N-90674 |
|---|---|---|
| Present Facility: STATEVILLE C.C. | Facility where grievance issue occurred: STATEVILLE C.C. | |

**NATURE OF GRIEVANCE:**

| | | | |
|---|---|---|---|
| ☐ Personal Property | ☐ Mail Handling | ☐ Restoration of Good Time | ☐ Disability |
| ☐ Staff Conduct | ☐ Dietary | ☐ Medical Treatment | ☐ HIPAA |
| ☐ Transfer Denial by Facility | ☐ Transfer Denial by Transfer Coordinator | | ☐ Other (specify) |

☒ Disciplinary Report: __10__ , __4__ , __07__     STATEVILLE C.C.
Date of Report                    Facility where issued

Received Grievance Office
OCT 16 2007
STA # 1266

**Note:**   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
  administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
  Administrative Officer.

Brief Summary of Grievance: ON 10-4-07 I was Ask to provide An' urine
sample by C/o W. Harris. I was taken to a room where C/o Harris
watched me pee in a quick screen's test cup, the urine what I
provided was not enough, and C/o W. Harris threw this sample
in the toilet. At this point I was told to wait, and I was
given water to ride me. I Ask C/o W. Harris for Another test
cup because there was not enough urine on the first test and that
urine started the test process C/o W. Harris then told me to Hold
on because he had to go over by the chow hall to get An-other
cup. I was then placed in the shower, where I waited until

Relief Requested: To be release from seg, placed back in gnack, And to be
given damages in the Amount of $175,000.00 for violating
my constitutional rights to due process of law.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Rodney Patton                          N-90674        10 , 11 , 07
Offender's Signature                   ID#            Date

(Continue on reverse side if necessary)

| | Counselor's Response (if applicable) | |
|---|---|---|
| Date Received: ___ / ___ / ___ | ☐ Send directly to Grievance Officer | ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response: _____

_____

_____

_____

_____

| Print Counselor's Name | Counselor's Signature | Date of Response ___ / ___ / ___ |
|---|---|---|

EMERGENCY REVIEW

Exhibit C

C/o W. Harris came back. C/o W. Harris return after about 30 minutes, and ask me was I ready. "I stated yes" C/o Harris gave me the cup and I notice it was the same cup. I ask them why didn't he get another cup and he said I.A. told him not to get me another cup, I then provided urine in the first cup for a second time.

C/o W. Harris then stated that my test was positive for Amphstamones, at which point I stated that the test was did wrong, and that what was the issue why I couldn't be given a second cup. C/o W. Harris told me to return to my cell, later on I was taken to seg, and a disciplinary report was written, and I was written up for "503 Drug and Drug Paraphenalia"

By C/o Harris negligence to provided me with a second cup my test result was incorrect because of the first urine sample that C/o Harris threw in the toilet, this started the test process, and when C/o Harris threw the urine away the cup didn't have enough urine to complete the test, the test stop

Secondly C/o Harris wrote a disciplinary report that was written in violation, because C/o Harris didn't write down what truly happen, or what was stated by I.A. By C/o Harris failure to provide a true account of how the test was conducted, I was placed in confinement because of his actions.

I now must seek to challenge my confinement, C/o W. Harris, and I.A. violate my rights to due process of law. I should have been given another test cup, their actions are a result why I must seek to address this issue fully.

On 10-5-07 Internal Affairs had me removed from my cell and brought up to gate 5, this happen right after count check. I stayed in a bullpen until 2:30pm. I ask D.J. Assen when was I going to be seen, he told me he was sorry and that he had something else going on. And that I would be called again. It would stand to reason that I.A. should have re-drop me because I request another drop because I was clean the first time. I also requested to know if the cup I gave the urine sample in was sent to a lab for verification. He further stated that he would call me back so he could write everything down.

I went to the adjustment committee on 10-9-07, where I stated the same matter. The actions of Internal Affairs can

ILLINOIS DEPARTMENT OF CORRECTIONS
## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
|---|

**Date Received:** October 16, 2007          **Date of Review:** October 16, 2007          **Grievance #** (optional): 1266

**Committed Person:** Rodney Patton                                                    **ID#:** N90674

**Nature of Grievance:** Disciplinary Rpt: 10-4-07, Sta CC

**Facts Reviewed:** Grievant alleges that he was asked to provide a urine sample by staff and was not able to provide an adequate sample. Grievant states that staff threw out the sample and re-used the sample cup when the grievant had provided a better amount of urine and grievant was tested positive for amphetamines. Grievant states when staff wrote the ticket about what happened, did not give a true account (stating the first cup was re-used). Grievant states he tried to explain what happened about the drug test and staff would not take the time to hear the issue.

Counselor Response:

Upon further review from Grievance Office, finds that this office called the Internal Affairs office and C/O W. Harris and both stated that proper protocol was followed. The disciplinary report will be upheld, sanctions are within range set by Adjustment Committee. Unable to substantiate claims of monetary awards.

**Recommendation:** Grievance is denied.

Ami Workman
          Print Grievance Officer's Name                                  Grievance Officer's Signature
          (Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** 10-24-07          ☒ I concur          ☐ I do not concur          ☐ Remand

**Comments:**

          Chief Administrative Officer's Signature                                              10-24-07
                                                                                                      Date

| Committed Person's Appeal To The Director |
|---|

Exhibit D

*Over 60 days*

F-01-08

## ILLINOIS DEPARTMENT OF CORRECTIONS
### OFFENDER'S GRIEVANCE

| Date: 2-12-08 | Offender: (Please Print) Rodney Patton | ID#: N-90674 |
|---|---|---|

| Present Facility: STATEVILLE C.C. | Facility where grievance issue occurred: STATEVILLE C.C. |
|---|---|

Received
Grievance Office

STA [redacted]

### NATURE OF GRIEVANCE:

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility

- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [ ] Medical Treatment

- [ ] Disability
- [ ] HIPAA
- [ ] Other (specify):

- [ ] Disciplinary Report: ____/____/____
  Date of Report                  Facility where issued

**Note:**    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
   **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
   **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
   **Chief Administrative Officer,** only if EMERGENCY grievance.
   **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** ON JAN 11, 08 the Above grievant SPOKE with C/O KAJTSA, the Head of INTERNAL Affairs CONCERNING An incident which took place on 10-4-07 WHERE I WAS written up + placed IN SEG. The follow issues ARE Addressed in this grievance. ① THAT C/O W. HARRIS falsified A DiscipLinARy Report "10-4-07", And that the grievant use the same test cup twice, And that DT told him not to give me ANother test cup. ② THAT LT. D. JOHNSON of INTERNAL Affairs called the grievant to gate 5 on 10-5-07, and had the grievant there the entire day, that LT. D. Johnson ordered C/O W. HARRIS to drop the grievant, that LT. D. Johnson ACtion for the drop was A result of the grievant

**Relief Requested:** THAT IA. TAke this MATTER serious, And do a thorough INVESTIGATION INTO the ACtions, and behavior of LT. D. Johnson of INTERNAL Affairs.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Rodney Patton | N-90674 | 2, 12, 08 |
|---|---|---|
| Offender's Signature | ID# | Date |

*(Continue on reverse side if necessary)*

---

### Counselor's Response (if applicable)

| Date Received: 3, 7, 08 | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |
|---|---|---|

**Response:** Unable to substantiate your allegations.

*(left margin, vertical text)* * USING ONLY AS A REFERENCE, EXHAUSTION WAS MADE IN EXHIBIT 6 * TIMED IN *

ILLINOIS DEPARTMENT OF CORRECTIONS
## OFFENDER'S GRIEVANCE (Continued)

WRITING A letter to his sister, that the Grievant spoke with DJ
EVERY Morning the grievant went to Court with the express wish to
Clear this issue up, "11-1-07 • 1-15-08", And that now LT. D. Johnson
WAS covering up the issue. ③ THAT Ame Workman was in Charge to in-
vestigate the issue because I filed a grievance concerning what Actually
█████████ that she stated she contacted internal Affairs About the issue, and
was told that proper protocol was used. These issue were explain in
Detail to C/o Kajtas, After which C/o Kajtas stated "he would investigate
the matter fully because he was unaware that All of this took place"
It was further stated by C/o Kajtas "That he would contact Jackie Miller
And set me out of SEG" The investigation hasn't happen because 30 days
has past, and all it would have taken was to talk to C/o W. Harris About
the issue since he is the one who wrote the Disciplenary ticket.
The Grievant should not have to suffer As A result of LT. D. Johnson
Not doing his job, and then covering them acts up like I was just going
to accept it As is. C/o Kajtas is the Head of I.A. I made a complaint
to him in person, and it was over look. — END —

ON 10-4-07 C/O W. HARRIS GAVE ME A test CUP
FOR A URINE SAMPLE, MY first SAMPLE WASNt ENOUGH,
AND C/O W. HARRIS poured this SAMPLE IN the toilet. I
PUT (RP) on the test, AND requested ANOTHER test CUP.
C/O W. HARRIS GAVE ME water while I waited.
C/O W. HARRIS CAME back WHEN I WAS ready, AND I
GAVE ANOTHER SAMPLE, After this SAMPLE I NOTICE the
(RP) ON the test CUP, AND ASK C/O W. HARRIS WHAT HAPPEN
to the NEW test CUP. C/O W. HARRIS stated that HE
WAS told by LT. D. Johnson of INTERNAL AFFAIRS not
to GIVE ME ANOTHER test CUP. C/O W. HARRIS then wrote
ME UP, AND I WAS plAced IN Seg. This STATEMENT WAS SIGN
by Both parties ON MARCH 6, 2008.

I VALIDATE
The STATEMENT,

W. Harris
C/O W. HARRIS

Rodney Patton    N90674
Rodney Patton

NOTE THIS STATEMENT GOES
with GRIEVANCE #1266
DISP. report WRITTEN ON 10-4-07

Exhibit F



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

January 11, 2008

Rodney Patton
Register No.  N90674
Stateville Correctional Center

Dear Mr. Patton:

This is in response to your grievance received on November 19, 2007, regarding a disciplinary report dated October 4, 2007, which was alleged to have occurred at Stateville Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

This office has reviewed the disciplinary report, 200701847, written by Nathan Harris, citing you for the offenses of 203-Drugs and Drug Paraphernalia.  A review of the Adjustment Committee summary indicates you were found guilty of 203.  Recommended discipline was: 6 months C-grade, 6 months Segregation, 6 months Revocation of Good Conduct Credits, 6 months Contact Visits Restriction, 6 months Commissary Restriction, Restitution of $7.88.  The Chief Administrative Officer concurred with the recommendation on

The Grievance Officer's report, 1266, and subsequent recommendation dated October 16, 2007 and approval by the Chief Administrative Officer on October 24, 2007 have been reviewed.

Based on a total review of all available information and a compliance check of the procedural due process safeguards outlined in DR504, this office is reasonably satisfied the offender committed the offenses and recommends the grievance be denied.

FOR THE BOARD: _____
Melody J. Ford
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:   Warden Terry McCann, Stateville Correctional Center
      Rodney Patton, Register No. N90674

Exhibit G