IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RODNEY PATTON #N-90674,       )
                              )
            Plaintiff,        )
                              )
    v.                        )    No.  08 C 1975
                              )
WILVIS HARRIS, et al.,        )
                              )
            Defendants.       )

MEMORANDUM ORDER

Rodney Patton ("Patton"), who is scarcely a stranger to the federal courts, has just filed another 42 U.S.C. §1983 ("Section 1983") Complaint, making handwritten inserts to the form provided by this District Court's Clerk's Office, as well as tendering an accompanying handwritten Motion for Appointment of Counsel ("Motion"). As for his earlier lawsuits, Complaint ¶III lists only his Case No. 04 C 3933, still pending before this Court's colleague Honorable Robert Gettleman, then goes on to note:

> The Plaintiff does not know all cases brought before the court.

But the "Petitioner Profile Information" that has been supplied to this Court by this District Court's Prisoner Pro Se Staff Attorneys lists no fewer than seven earlier Patton cases in addition to the pending matter before Judge Gettleman, and three of those prior cases may well have triggered the application of 28 U.S.C. §1915(g) to this action:[1]

---

    [1]   All further references to Title 28's provisions will simply take the form "Section--."

      1. Each of Case Nos. 94 C 369 and 07 C 1761 constitutes a "strike" for Section 1915(g) purposes.

      2. In addition, when in Case No. 07 C 2180 Patton sought to appeal this Court's order of dismissal for failure to exhaust administrative remedies, this Court certified under Section 1915(a)(3) that the appeal was filed in bad faith. That certification resulted in an order from the Court of Appeals denying Patton's motion for leave to proceed in forma pauperis and ordering him to pay the $455 in appellate fees, coupled with a dismissal of the appeal. Under those circumstances Patton may be precluded by Section 1915(g) from bringing this current action unless he pays the $350 filing fee in full up front. That alone would call for a dismissal of the Complaint and this action in the absence of such payment on or before April 28, 2008.[2]

But given the possibility that what has been said as to Case No. 07 C 2180 might not be viewed as a third strike for Section 1915(g) purposes, this Court has engaged in the screening of Patton's current Complaint called for by Section 1915A(a). In that respect it is clear that with Patton's allegations being accepted as true (as is required for such purposes), he has not stated a viable (or even a colorable) claim of any violation of

---

[2] That would allow Patton more than the 14-day timetable that our Court of Appeals granted him in connection with his attempted appeal in Case No. 07 C 2180.

his federal <u>constitutional</u> rights--the necessary predicate for Section 1983 relief.

With that being so, Section 1915A(b) calls for the present dismissal of the Complaint and this action for failure to state a claim upon which Section 1983 relief may be granted, and this Court so orders.[3] Finally, if Case No. 07 C 2180 has not met the standards for a third strike under Section 1915(g), this dismissal certainly does so--so that Patton has now attained the three-strike level under any view of the matter.[4]

                              */s/ Milton I. Shadur*
                              Milton I. Shadur
                              Senior United States District Judge

Date:  April 10, 2008

---

[3] This of course compels the denial of Patton's Motion as moot, and this Court orders that as well.

[4] Meanwhile Patton has not been in compliance with his obligations to pay prior filing fees pursuant to Section 1915. This Court has not troubled itself to obtain docket printouts in all of his cases, but the one that it <u>has</u> obtained (in Case No. 07 C 2180) shows that he still owes whatever unpaid amount remains of the $350 District Court filing fee and of the $455 in Court of Appeals filing fees. Although that is of course <u>his</u> primary responsibility, a copy of this memorandum order is also being sent to the fiscal authorities at Stateville Correctional Center (where Patton is in custody) as an express reminder of the obligation that Congress has directly imposed on the institution in that respect under Section 1915(b)(2).