IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RODNEY PATTON #N-90674,       )
                              )
            Plaintiff,        )
                              )
      v.                      )    No.  08 C 1975
                              )
WILVIS HARRIS, et al.,        )
                              )
            Defendants.       )

### SUPPLEMENT TO MEMORANDUM ORDER

At the time this Court received the chambers copy of the 42 U.S.C. §1983 Complaint brought by Rodney Patton ("Patton"), which led to the issuance of an April 10, 2008 memorandum order ("Order") dismissing both the Complaint and this action, the case had not yet been docketed. Accordingly this Court was unaware that Patton had contemporaneously submitted an In Forma Pauperis Application ("Application"), no copy of which had been delivered to chambers together with Patton's motion seeking the appointment of counsel.

Now the Application, together with an accompanying printout showing transactions in Patton's trust fund account at Stateville Correctional Center ("Stateville," where he is now in custody) has been received here, so that this Court is in a position to supplement the Order with the required calculation under 28 U.S.C. §1915 ("Section 1915"). This Court has made the required calculation under Section 1915(b)(1) and has determined that the average balance in Patton's trust fund account during the

relevant six-month period amounted to $70.84, so that the required initial payment on account of the $350 filing fee (20% of that figure) is $14.17.[1] Accordingly Patton is assessed that initial fee of $14.17, and the Stateville trust fund officer is ordered to collect that amount from Patton's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

>Office of the Clerk
>United States District Court
>219 South Dearborn Street
>Chicago IL 60604
>
>Attention: Fiscal Department

After such payment, the trust fund officer at Stateville (or at any other correctional facility where Patton may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Patton's name and the

---

[1] In the "Certificate" section at the end of the Application form, the Stateville fiscal officer lists the average monthly deposits to the trust fund account as $17.79. That may be so, but it ignores the Section 1915(b)(1) provision that the calculation must take account of the greater of two numbers: the average monthly deposits and the average balance in the account. That has pointed up a deficiency in the form provided by this District Court, for the Certificate refers only to the "average monthly deposit."

08 C 1975 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the Stateville trust fund officer.

                                              _____
                                              Milton I. Shadur
                                              Senior United States District Judge

Date:  April 11, 2008