

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Rodney Patton,                )
                              )
        Plaintiff,            )
                              )
    v.                        )   No. 08 C 1975
                              )
Wilvis Harris, et al.,        )
                              )
        Defendants.           )

MEMORANDUM ORDER

Rodney Patton ("Patton") has filed a motion for reconsideration of this Court's April 10, 2008 dismissal of his self-prepared 42 U.S.C. § 1983 ("Section 1983") Complaint (a copy of the April 10 memorandum order ["Order"] is attached). As Order at 1 reflects, Patton is a frequent filer: This District Court's Prisoner Pro Se Staff Attorneys have provided a list that includes seven earlier (and now closed) cases brought by Patton over and above his lawsuit presently pending before Judge Robert Gettleman (Case No. 04 C 3933). That prior litigation list calls for the denial of Patton's current motion out of hand.

As Order at 1-2 reflects, this Court initially gave Patton the benefit of a considerable doubt by going on thereafter to discuss the substance of his then-tendered Complaint, rather than simply invoking 28 U.S.C. § 1915(g)[1] as the basis for denying Patton leave to proceed without prepayment of the entire $350

---

[1] All further references to Title 28's provisions will simply take the form "Section--".

filing fee. But this Court has now given full consideration to the latter question that was reserved in the Order, and it concludes that our Court of Appeals' rulings as to Patton's appeal from the dismissal of Case No. 07 C 2180 by this Court, when that Court (1) denied Patton's motion for leave to proceed on appeal in forma pauperis, (2) ordered him to pay the $455 in appellate fees and (3) dismissed the appeal -- actions that followed this Court's certification under Section 1915(a)(3) that the appeal was filed in bad faith -- was indeed a third "strike" for purposes of Section 1915(g).

That being the case, Patton has accumulated three "strikes" before he sought to file this action. Under those circumstances Congress has prescribed that Patton cannot proceed with the current action unless he first pays the $350 filing fee in full, and he has offered nothing toward that end.[2] That in turn calls for the denial of Patton's current motion for reconsideration. This Court so orders.

Milton I. Shadur
Senior United Stats District Judge

May 2, 2008

---

[2] Order at 3 n.4 also commented on what appears to be a very substantial financial obligation to the court system on Patton's part, stemming from his repeated lawsuits. This Court would never entertain the notion of making the federal court inaccessible to anyone who seeks to advance a legitimate Section 1983 claim of deprivation of any constitutional right, but it certainly appears that Patton is abusing that principle by treating the justice system as somehow obligated to honor an open-ended credit card in his favor.